UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KIA ZUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-454 |
| | ) |
| LAKESHORE RAILCAR & | ) |
| TANKER SERVICES, LLC; | ) |
| PATRIOT RAIL, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Amend Complaint [DE 31] filed by the plaintiff, Kia Zuber, on May 24, 2019. For the following reasons, the motion is **GRANTED**.

*Background*

The plaintiff, Kia Zuber, initiated this matter *pro se* against the defendants, Patriot Rail Company, LLC, incorrectly named as Patriot Rail, and Lakeshore Railcar & Tanker Services LLC, on December 4, 2018. Zuber has alleged gender discrimination and retaliation by Patriot Rail and its subsidiary, Lakeshore, that occurred between June of 2017 and January of 2018. She filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission only naming Lakeshore as the discriminating entity.

Zuber's *pro se* complaint alleged that she was hired by the defendants in 2017. She later learned that the defendants' Chief Operating Officer had hoped to fill the position with a male instead of a female. Zuber has claimed that quickly she became the target of repeated sexual harassment by male employees of the defendants. More specifically, Zuber has alleged that the male employees used derogatory language, taunted her, and made inappropriate gestures towards

her. On December 29, 2017, Zuber complained about the harassment to her supervisor and indicated that she no longer would tolerate it. On January 4, 2018, she was suspended by the defendants' corporate office and instructed not to report back to work until further notice. On January 15, 2018, an HR representative summarily terminated her employment without providing a reason.

The court set this matter for a Rule 16 Preliminary Pretrial Conference on April 12, 2019. The court did not set discovery deadlines at the conference. On May 16, 2019, Zuber retained counsel. Zuber, by counsel, has requested leave to file an amended complaint. She contends that the proposed amended complaint addresses the arguments set forth in the pending motion to dismiss filed by Patriot Rail. Patriot Rail filed a response in opposition on May 31, 2019, arguing that the proposed amended complaint fails to cure the deficiencies in the original complaint.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." **Foman v. Davis**, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Because pleadings merely serve to put the opposing side on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a); Jackson v. Rockford Hous. Auth.**, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" **Winters v. Fru–Con, Inc.**, 498 F.3d 734, 741 (7th Cir. 2007) (citations omitted).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." **Foman**, 371 U.S. at 182; **Gandhi v. Sitara Capital Mgmt.**, 721 F.3d 865, 868–69 (7th Cir. 2013).

This matter is in the early stages of the proceedings and, to date, no discovery deadlines have been set. Therefore, Patriot Rail will not be prejudiced by allowing Zuber to file an amended complaint, with the assistance of counsel. Additionally, Zuber has indicated that the proposed amended complaint has addressed the concerns set forth in Patriot Rail's motion to dismiss. Specifically, the amended complaint has added that both defendants "were aware of Zuber's EEOC charge and had an opportunity to participate in conciliation." Allowing Zuber to amend the complaint does not prejudice or unduly burden Patriot Rail, nor does it prohibit Patriot Rail from filing a subsequent motion to dismiss challenging the amended complaint.

Based on the foregoing reasons, the Motion to Amend Complaint [DE 31] is **GRANTED.** The plaintiff is **DIRECTED** to file the amended complaint as a separate docket entry with seven days of this Order.

ENTERED this 19th day of July, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge